# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 11-CR-0039-CVE |
| RAYMOND HELLER, M.D., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is the Motion of Defendant Raymond Heller for Continuance and Enlargement of Scheduling Order (Dkt. # 11). Defendant requests a 60 day continuance of all deadlines in the scheduling order. He states that he did not consult with his attorney until April 1, 2011, and he did not receive complete discovery from the government until April 14, 2011. Dkt. # 11, at 2. He further states that will not have to time to review the discovery and consider whether it is appropriate to file pretrial motions due to the deadlines in the current scheduling order. Id. at 2-3. Defendant has filed a Speedy Trial Waiver (Dkt. # 12). The government does not oppose defendant's motion for a continuance.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things,

whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed defendant's motion and finds that it should be granted in part. Defendant has shown that a limited continuance of the deadlines in the scheduling order, including the jury trial, is warranted. The government has produced a substantial amount of discovery and defendant did not have an opportunity to review the discovery before the deadline to file pretrial motions expired. It will also be difficult for defense counsel to prepare for trial under the current scheduling order, and the failure to grant a continuance would deny counsel for defendant adequate time for effective trial preparation. However, it does not appear that the amount of discovery in this case is so substantial that a 60 day continuance is warranted. Defendant also claims that this case

involves a "variety of legal and factual issues which are novel and complex," but he fails to identify any specific legal or factual issue that might arise in this case. The Court must give significant weight to the public's interest in a speedy trial and balance the public's interest in a speedy trial against the need to give defendant adequate time for trial preparation. Based on the facts stated in defendant's motion and considering the public's interest in a speedy trial, the Court finds that refusal to grant defendant a limited, 30 day continuance would deny him adequate time to prepare for trial, but he has not shown that a 60 day continuance of the trial date is necessary.

**IT IS THEREFORE ORDERED** that the Motion of Defendant Raymond Heller for Continuance and Enlargement of Scheduling Order (Dkt. # 11) is **granted in part** and **denied in part**: the motion is granted as to defendant's request for a continuance, but defendant's request for a 60 day extension of all deadlines is denied. The jury trial set for May 16, 2011 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | May 18, 2011 |
| Responses due: | June 1, 2011 |
| PT/CP/Motions Hearing: | **June 8, 2011 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | June 13, 2011 |
| Jury Trial: | **June 20, 2011 at 9:30 a.m.** |

**IT IS FURTHER ORDERED** that the time between May 16, 2011 and June 20, 2011 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 19th day of April, 2011.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT